# EXHIBIT 3

```
 1                 UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MICHIGAN
 2                       SOUTHERN DIVISION

 3    Tia Hall, individually and on behalf
      of all others similarly situated,
 4
                              Plaintiff,
 5
      -v-                                   Case No. 21-11811
 6
      Farm Journal, Inc., d/b/a
 7    Farm Journal Media,

 8                            Defendant.
      _____/
 9
                          MOTION TO DISMISS
10                          April 5, 2022

11           BEFORE THE HONORABLE DAVID M. LAWSON
                  United States District Judge
12
      Theodore Levin United States District Courthouse
13               231 West Lafayette Boulevard
                      Detroit, Michigan
14
      APPEARANCES:
15
      FOR THE PLAINTIFF:    FRANK S. HEDIN
16                          Hedin Hall LLP
                            1395 Brickell Avenue, Suite 900
17                          Miami, Florida  33131
                               and
18                          E. Powell Miller
                            The Miller Law Firm
19                          950 W. University Drive, Suite 300
                            Rochester, Michigan  48307
20                             and
                            Philip L. Fraietta
21                          Bursor & Fisher, P.A.
                            888 Seventh Avenue
22                          New York, New York  10019

23    (Appearances Continued to Following Page)

24          To Obtain a Certified Transcript Contact:
              Rene L. Twedt, CSR-2907, RDR, CRR, CRC
25                     www.transcriptorders.com
```

```
 1   APPEARANCES CONTINUED:

 2

       FOR THE DEFENDANT:     J. Michael Huget
 3                            Honigman LLP
                              315 East Eisenhower Parkway
 4                            Suite 100
                              Ann Arbor, Michigan  48108
 5                               and
                              Robert M. Riley
 6                            Honigman LLP
                              2290 First National Building
 7                            660 Woodward Avenue
                              Detroit, Michigan  48226
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                          TABLE OF CONTENTS

2    MATTER _____ __PAGE

3    MOTION TO DISMISS

4    Argument by Mr. Huget.................................     5
     Argument by Mr. Hedin.................................     9
5    Further Argument by Mr. Huget.........................    14
     Ruling by the Court..................................    14
6

7    CERTIFICATE OF COURT REPORTER.........................    21

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1  ║  Detroit, Michigan
 2  ║  April 6, 2022
 3  ║  2:46 p.m.
 4  ║                          *       *       *
 5  ║          THE CLERK:  All rise.  The United States District
 6  ║  Court for the Eastern District of Michigan is now in session,
 7  ║  the Honorable David M. Lawson presiding.
 8  ║          THE COURT:  You may be seated.
 9  ║          THE CLERK:  Now calling the case of Hall v. Farm
10  ║  Journal, Inc., Case Number 21-11811.
11  ║          THE COURT:  Good afternoon, counsel.  May I have an
12  ║  appearance for the plaintiff?
13  ║          MR. HEDIN:  Good afternoon, your Honor.  Frank Hedin
14  ║  on behalf of the plaintiff.
15  ║          THE COURT:  All right.  You may remain seated when you
16  ║  address the Court, presently, under our COVID protocol.
17  ║          For the defendant, please?
18  ║          MR. HUGET:  Yes.  Good afternoon, your Honor.
19  ║  Michael Huget and Robert Riley.
20  ║          THE COURT:  Which one will be arguing?
21  ║          MR. HUGET:  I will, your Honor.  Michael Huget.
22  ║          THE COURT:  All right, Mr. Huget.
23  ║          Did you read Judge Ludington's opinion?
24  ║          MR. HUGET:  Yes, your Honor.
25  ║          THE COURT:  How is this case different?
```

1          MR. HUGET:  Honestly, I think Judge Ludington, with

2     all due respect, got it wrong.

3          THE COURT:  Well, okay.  So it's not a matter of

4     trying to distinguish that opinion, you just think that a

5     different result should result?

6          MR. HUGET:  Absolutely.  If Judge Ludington had

7     followed Michigan case law, Michigan Supreme Court, if he had

8     followed other precedent in this court, in the Sixth Circuit,

9     he wouldn't have come to the conclusion -- or shouldn't have

10    come to the conclusion that simply because it's a statutory

11    cause of action a three-year statute or a six-year statute of

12    limitation applies.

13         This Court, in a case we cited, the Herrin v. Dunham

14    case, you held that a three-year statute of limitations applied

15    to a 1983 claim in the absence of any other statute of

16    limitations.

17         THE COURT:  Well, right, but that -- there's plenty of

18    precedent for that.  In fact, there is a Sixth Circuit case

19    that says exactly that, that a 1983 claim is governed by

20    Michigan's three-year statute of limitations.

21         Do we have any Michigan case law that determines which

22    limitation statute applies to Preservation of Personal Privacy

23    Act claims?

24         MR. HEDIN:  None, your Honor, other than

25    Judge Ludington's decision a few weeks ago.

1          THE COURT:  I meant from a Michigan court.

2          MR. HUGET:  No.  I don't think there have been

3    Michigan court -- I think these have all been Federal court

4    cases, cases in Federal court, I believe, your Honor.  I'm

5    not aware of any State court.

6          THE COURT:  Okay.  Anything further then?  Go ahead

7    with your argument, if you like.

8          MR. HUGET:  Oh, thank you, your Honor.

9          No, I just think that -- and the reason, you know,

10   when you look at -- the courts basically indicate, the Michigan

11   courts in particular, that when you're looking in the absence

12   of a statute of limitations that set forth, what do you look

13   at, when you look at the nature and origin of the claim, what

14   does it arise from?

15         And the courts in Michigan have said that courts

16   determine whether the claim is founded on a consensual duty

17   or obligation or the breach of an express promise on the one

18   hand, or, on the other hand, whether the claim is founded on a

19   nonconsensual duty or one imposed by law.

20         If it's the latter, the action is generally governed

21   by the three-year statute of limitations found in MCL 600.50 --

22   sorry -- 5805(2).

23         So when you turn to this case it's important to look

24   at the nature of the claims being asserted.

25         The closest analogy is really, this is an invasion of

1    privacy claim.  Plaintiff alleges, at various points, various

2    privacy-type injuries.  And it says in paragraph 47 that she

3    complains that Farm Journal's alleged use of her subscriber

4    data discloses customer reading habits and preferences that can

5    reveal intimate facts about our lives or our political and

6    religious beliefs or our health concerns.

7              That's a privacy, that's a personal injury she is

8    alleging, and it's clearly founded on a nonconsensual duty

9    imposed by law.  As such, this should fall within the

10   three-year statute of limitations bucket, not the six-year.

11             The six-year cases that have all been cited where

12   courts have determined that there is a six-year statute of

13   limitations, when you really peel those back, they are cases

14   that sound in contract in some way.

15             For example, the Palmer Park case that they rely on

16   quite a bit is a penalty interest case, I believe, that arose

17   out of a statute that applied penalty interest when insurance

18   claims weren't paid timely enough.  Insurance claims, an

19   underlying insurance contract, not a personal right, not a

20   personal -- invasion of a personal right or personal injury.

21             So when you look at the case law in Michigan, the

22   plaintiff urges this Court to adopt a rule that is simply --

23   if it's a -- if the claim arises out of a statute, you must

24   apply the six-year statute of limitations.

25             But when you look at all the Michigan cases we cited,

1    there are numerous cases that have applied a three-year statute
2    of limitations.  The Garg v. Macomb case, a three-year statute
3    of limitations applied to a retaliation claim brought under the
4    Elliott-Larsen Civil Rights Act.
5           THE COURT:  Well, doesn't the Elliott-Larsen statute
6    have its own statute of limitations?
7           MR. HUGET:  No, it does not.
8           THE COURT:  All right.
9           MR. HUGET:  Same with the Stewart's Estate v.
10   Armstrong case, the Armstrong case that we cited.
11          THE COURT:  Stewart's Estate v. Armstrong?
12          MR. HUGET:  Yes.  I'm sorry.  I'm a little dry.
13          THE COURT:  No, no problem.
14          MR. HUGET:  That was a wrongful death claim.  Wrongful
15   death claims in Michigan arise by statute, not by common law,
16   and yet they applied a three-year statute of limitations there.
17          I could go on, your Honor, but I think that's -- the
18   job that the Court has to do is starting with the nature and
19   origin of the claim and then go from there, not simply decide
20   that because it's a statutory cause of action the six-year must
21   apply.
22          And that's the essence of our argument, your Honor.
23          THE COURT:  Did you take a look at Palmer Park
24   Square v. Scottsdale Insurance?
25          MR. HUGET:  Yes, your Honor.

1    THE COURT:  And tell me why that doesn't govern here.

2    You didn't deal with that very much in your brief.

3    MR. HUGET:  Yes, your Honor.  Palmer Park, when

4    you look at it in the context of the consensual duty or the

5    nonconsensual duty, when you look at the facts of the case, the

6    underlying claims related to the failure to pay on an insurance

7    contract.  The question became the statute of limitations

8    applied to Michigan's penalty interest statute that kicks in

9    when insurance claims aren't paid timely.

10    This case falls cleanly into the bucket of a breach of

11    an express promise bucket and not the injury to -- a personal

12    injury or property.  It arises out of the failure to pay on

13    an insurance contract, your Honor.  That's why it's

14    distinguishable.

15    THE COURT:  Okay.  Thank you.

16    Who is arguing for the plaintiff?

17    MR. HEDIN:  I will be, your Honor.  Frank Hedin on

18    behalf of the plaintiff.

19    THE COURT:  All right.  Did you file an appearance?

20    MR. HEDIN:  I did, your Honor.

21    THE COURT:  All right.  Go ahead, Mr. Hedin.

22    MR. HEDIN:  Your Honor, Judge Ludington, in the

23    Pratt v. KSE Sportsman Group opinion issued recently concerning

24    the statute of limitations for a PPPA claim, considered and

25    rejected all of the arguments, the same exact arguments with

Motion to Dismiss - April 5, 2022

```
 1   respect to the same cause of action that the defendant is
 2   raising here.
 3           THE COURT:  Well, I don't think the defendant disputes
 4   that.  I think the defendant acknowledges that this is almost a
 5   cookie-cutter-type case, but he says Judge Ludington got to
 6   wrong.
 7           MR. HEDIN:  Judge Ludington got it right, your Honor.
 8           THE COURT:  I'm shocked to hear you say that.
 9           MR. HEDIN:  As Judge Ludington's opinion explained,
10   the Sixth Circuit in Palmer Park Square unequivocally held that
11   the residual six-year statute of limitations in Section 5813
12   applies to statutory causes of action.
13           And the Sixth Circuit cited to DiPonio Construction
14   and to Department of Environmental Quality v. Gomez, two
15   Michigan Court of Appeals decisions, both of which hold that
16   statutory claims across the board are subject to the six-year
17   limitation period because those claims do not arise from a
18   breach of a common-law duty, they arise from a statutory duty.
19           Judge, the Sixth Circuit, in Palmer Park Square, noted
20   that there was no controlling authority in Michigan on the
21   question of whether the six-year period applies to a statutory
22   cause of action, but it surveyed decades worth of jurisprudence
23   across Michigan and came to the conclusion that in predicting
24   what the Michigan Supreme Court would ultimately decide on the
25   question, that the six-year period applied to statutory causes
```

```
 1    of action.

 2           THE COURT:  Well, how do you answer Mr. Huget's

 3    attempt to distinguish that on the basis that the claim in

 4    that case was for penalty interest that arose out of a breach

 5    of an insurance contract?

 6           MR. HEDIN:  So the claim in Palmer Park Square did

 7    not -- was actually found not to arise from the contract, it

 8    was found to arise from the statute.  It was a claim for

 9    untimely payment of insurance benefits.

10           THE COURT:  Under a contract.

11           MR. HEDIN:  Correct.  But the Sixth Circuit held that

12    that was not a claim under the contract, it was a claim under

13    the statute.  And notably, the Sixth Circuit in Palmer Park

14    Square applied this consensual duty versus nonconsensual duty

15    test in determining which statute of limitations period to

16    apply.

17           And the Sixth Circuit explained that that's the

18    test that applies when you're distinguishing -- when you're

19    determining whether to apply the breach of contract statute

20    of limitation period or a tort statute of limitation period,

21    either the three-year or the six-year.  It does not apply in

22    a case where there is no contractual basis for the claim

23    whatsoever, such as in this case.

24           For example, another case that applies the consensual

25    versus nonconsensual breach standard is -- excuse me,
```

Motion to Dismiss - April 5, 2022

```
1    your Honor -- Miller Davis.  And this is actually where the
2    test comes from.  That was another contract case where the
3    Court said, well, if it's a consent -- if it's a breach of a
4    consensual duty, in other words, one imposed by a contract,
5    then the contract statute of limitations period applies, the
6    six-year period, and if it's breach of a nonconsensual duty,
7    that is, one imposed by law, whether it be common law or
8    statutory, you have to -- then at that point you have to
9    determine which of those two applies, the three-year or the
10   six-year.
11          But where it's not a contract case, the test has no
12   application.  If that were the test in a -- in determining
13   whether a statutory cause of action is subject to the
14   three-year or the six-year period, every duty imposed by
15   statute is nonconsensual.  So under the defendant's logic,
16   every statutory cause of action would be subject to a
17   three-year period.
18          But we know that's not the case.  Palmer Park Square
19   says the exact opposite, that statutory causes of action are
20   subject to the six-year period, full stop.
21          That's what Judge Ludington held.  That's what the
22   Michigan Court of Appeals held in DiPonio.  That's what the
23   Michigan Court of Appeals held in Gomez.  It's what the
24   Michigan Supreme Court held in Goldfarb.
25          And the list goes on, including, recently, a Court in
```

 1  this District in 2009, in Purnell v. Arrow Financial Services,

 2  the Court actually addressed head on the same type of

 3  common-law analog or resemblance to common-law argument that

 4  the defendant is making here saying, well, it's -- you know, it

 5  resembles a breach or an invasion of privacy claim at common

 6  law, so it's subject to the three-year period.

 7      The Court in Purnell specifically --

 8      THE COURT:  You acknowledge, do you not, that except

 9  for Pratt, none of those cases dealt with the PPPA; correct?

10      MR. HEDIN:  That's correct, your Honor.

11      THE COURT:  All right.  Continue.

12      MR. HEDIN:  In Purnell the Court addressed the

13  argument, the common-law analog argument and said the mere fact

14  that plaintiff's allegations may in some manner be shoe-horned

15  into a common-law tort cannot control in light of the clear

16  directive that where a claim is for a statutory violation the

17  six-year period in Section 5813 applies.

18      That is exactly what we have here.  This is a claim

19  not for personal -- for damages for injury to a person or a

20  property.  This is a claim for violation of a statute, a breach

21  of a statutorily imposed duty not to disseminate this type of

22  personal information without consent.  That's what the claim

23  arises from.  It does not arise at common law.

24      And for those reasons, we believe that Palmer Park

25  Square controls and that the Court should apply that holding

```
 1   faithfully.

 2            THE COURT:  Thank you.

 3            Mr. Huget, any further argument?

 4            MR. HUGET:  Your Honor, the only point I will make is

 5   that we don't take the position that every claim should apply a

 6   three-year statute of limitations.

 7            THE COURT:  No, I don't think he is saying that you

 8   do.  I think he is saying that if we follow your logic, that's

 9   where it leads us.

10            MR. HUGET:  Well, the only -- well, and I would

11   disagree with that logic.

12            The only logic here is that their position is that

13   every statutory claim should now be subject to a six-year

14   statute of limitation.  They are saying that's the effect of

15   Judge Ludington's opinion, your Honor.  This just can't be the

16   case.  That would be inconsistent with numerous cases that we

17   cited earlier.  I won't repeat those, but they are in our

18   brief, and I talked about those earlier.

19            THE COURT:  All right.

20            MR. HUGET:  Thank you, your Honor.

21            THE COURT:  Thank you.

22            It's kind of a rarity that an issue that's been teed

23   up in motion papers is directly decided by another court only

24   weeks before the oral argument is scheduled, and that's what

25   we have here with the decision by Judge Ludington in the
```

```
 1   Pratt case.
 2           The issues are very clear, and that is, which statute
 3   of limitations governs this dispute under this particular
 4   statute.
 5           There is no significant litigation history under the
 6   PPPA in Michigan courts, Michigan appellate courts, and there
 7   are no cases decided by the Michigan Supreme Court or the
 8   Michigan Court of Appeals that continue -- that considers
 9   which period of limitations applies under which statute.
10           The Pratt case held that Section 600.5813 applies,
11   which establishes a six-year period of limitations.  And the
12   significance of that -- the significance of that has to do with
13   another -- oh, I suppose -- anomalous situation, and that is
14   the fact that the Michigan Legislature amended the PPPA to
15   eliminate the mandatory statutory damage award of $5,000 per
16   incident for events that occurred before 2016.
17           And it is obvious to me that the plaintiff attempts
18   to take advantage of the now-superseded statute which was not
19   repealed, it was just amended, by claiming that the statutory
20   violation took place prior to the amendment so that that
21   statutory damage award would apply if liability is considered.
22           Now, as we have discussed, the Sixth Circuit recently
23   considered, in Palmer Park, the statute of limitations that's
24   applied to claims brought under Michigan statutes that do not
25   specify a limitation period, and that Court relied on the
```

```
 1    Michigan Court of Appeals decision in Gomez and also DiPonio
 2    and distinguishing actions for statutory violations with
 3    actions to redress injuries resulting from traditional torts.
 4    The Court held that Section 5813's catch-all provision applies
 5    to statutory causes of action, including those for civil fines.
 6              How do we deal with 1983 cases, then?
 7              Under 1983, the Supreme Court has held that the
 8    analogous statute of limitations in the particular state is
 9    the one that applies.
10              Well, 1983, Section 1983 of Title 42 of the United
11    States Code does not create a substantive cause of action.  It
12    is essentially an enabling act that allows a litigant deprived
13    by someone acting under color of law of rights established by
14    other provisions of law, that is, the Constitution or laws of
15    the United States, to bring a claim.
16              And the Sixth Circuit had determined that
17    constitutional torts, that is, torts that -- or I should say,
18    wrongs that occur in violation of a duty imposed by the
19    operation of law as opposed to operation of contract are the
20    most analogous types of causes of action that trigger the
21    three-year statute of limitations under those rules that govern
22    Michigan tort claims.
23              Frequently, 1983 claims are referred to as
24    constitutional torts.  And so I don't believe that an analogy
25    drawn to Section 1983 is particularly helpful in determining
```

```
 1    the statute of limitation that applies here.
 2            The defendant really does not acknowledge or attempt
 3    to distinguish Palmer Park much in its brief and it really
 4    tends to mischaracterize the DiPonio decision on which Palmer
 5    Park relies.
 6            DiPonio did not limit the applicability of the
 7    six-year catch-all statute of limitations in Section 5813 to
 8    statutory violations having no common-law analog, as the
 9    defendant asserts.  Instead, DiPonio recognized that Michigan
10    courts consistently have applied Section 5813 to cases where,
11    and I'm quoting, "The right to recovery arose from a statute
12    rather than a common-law right," not a statutory right that had
13    some analog in the common law, such as an invasion of privacy,
14    but a right that arose from the statute itself.
15            The DiPonio Court then explicitly held that a civil
16    cause of action arising from a statutory violation is subject
17    to the six-year limitation period in Section 5813 if the
18    statute itself does not provide a limitation period.
19            The authority that Farm Journal does cite is not
20    particularly apposite.  Several of the cases it cites where the
21    Court applied a three-year statute of limitations deal with
22    common-law invasion of privacy claims.
23            The plaintiff has not brought a common-law claim here.
24    Instead, she seeks to vindicate her statutorily conferred
25    rights.
```

```
 1              Farm Journal also cites several cases for the
 2    unremarkable proposition that the PPPA claims implicate privacy
 3    concerns, but the defendant has not cited any authority holding
 4    that under Michigan law courts must view every privacy-related
 5    claim as a tort for the purposes of determining the relevant
 6    statute of limitations or limitation period.
 7              In fact, all of the cases described by the PP --
 8    describe the PPPA as creating a privacy right in the respective
 9    matter.
10              Michigan courts have rejected the common-law analog
11    argument holding that Section 5813's catch-all six-year statute
12    of limitations governs statutory claims notwithstanding the
13    similarity of such claims to common-law torts, such as in the
14    Estes matter.
15              The Miller-Davis case, a Michigan Supreme Court case
16    from 2011 cited by the defendant, also is distinguishable.  In
17    that case the Michigan Supreme Court considered whether the
18    statute of limitations for tort or contract claims applies in a
19    dispute regarding building defects.
20              Although the Court noted that the actions founded on a
21    nonconsensual duty or one imposed by law are generally governed
22    by a three-year statute of limitations, it did so only in the
23    context of comparing tortious and contractual duties.  It did
24    not hold that every action involving nonconsensual duties is
25    governed by Section 5805's three-year statute of limitations
```

1    and there were no statutory claims in that case.

2         If anything, the logic of Miller-Davis favors the

3    plaintiff's position because the plaintiff there did not rely

4    on any duty implied in law, but brought her claims solely under

5    the PPPA -- that is, in this case -- and Miller-Davis suggests

6    that the statute of limitations described in tort actions does

7    not apply here.

8         The plaintiff's claim is governed by Section 5813, and

9    therefore, the claim appears to be timely for the purpose of

10   this motion.

11        The defendant also contends that the plaintiff lacks

12   Article III standing because it basically sets up a catch-22

13   for the plaintiff, stating that if the six-year statute governs

14   then the plaintiff cannot establish that she suffered a

15   concrete and particularized harm under the Supreme Court

16   decisions that deal with statutory causes of action, most

17   particularly, Spokeo v. Robins.

18        The argument regarding statute of limitations, of

19   course, is not jurisdictional, and I don't take the defendant

20   to state that if the claim is voided by the statute of

21   limitations that dispenses with the Article III standing

22   argument.  I think everyone agrees that statutes of limitations

23   are essentially claims-processing rules absent legislative

24   language to the contrary.

25        Second, though, it is well established that a properly

```
 1    pleaded PPPA claim confers Article III standing, and the Sixth
 2    Circuit addressed that precise issue in Coulter-Owens, another
 3    decision that was not discussed by the defendant.
 4          The Court of Appeals in that case held that Spokeo
 5    does not apply where the plaintiff alleges a violation of the
 6    PPPA's most basic substantive provision, and that is, the
 7    privacy in one's reading materials.  A substantive violation
 8    occurs when a person's information is disclosed in violation of
 9    the statute.
10          The plaintiff alleged that Farm Journal knowingly
11    disclosed her subscriber and other demographic data, and
12    therefore, she pleaded a cognizable injury in fact for the
13    purpose of Article III standing.
14          So there is no jurisdictional deficit here, subject
15    matter jurisdictional deficit, and the statute of limitations
16    does not bar this claim at this stage of the case.
17          I don't know that I have -- have I given you a
18    scheduling order in this case yet?
19          MR. HEDIN:  I do not believe so, your Honor.
20          THE COURT:  And are you seeking to certify a class?
21          MR. HEDIN:  Yes.
22          THE COURT:  All right.  I think what I will do, if you
23    have a few minutes, if you're prepared to do that, is conduct a
24    case management conference so we can get a scheduling order on
25    the books.
```

```
1              Do you have some time to do that this afternoon?

2              MR. HUGET:  Sure, your Honor.

3              MR. HEDIN:  Certainly, your Honor.

4              THE COURT:  We can do that in the courtroom if you'd

5   like, off the record, or we can do it in chambers.  Are you

6   comfortable meeting in chambers or would you rather not?

7              MR. HUGET:  I'm comfortable with that.

8              MR. HEDIN:  Yes, plaintiff is comfortable with that.

9              THE COURT:  All right.  I'll just see you in chambers

10  and I'll recess court.

11             THE CLERK:  All rise.  Court is now in recess.

12                  (Proceedings adjourned at 3:12 p.m.)

13                        *     *     *

14

15

16                  CERTIFICATE OF COURT REPORTER

17

18       I certify that the foregoing is a correct transcript

19  from the record of proceedings in the above-entitled matter.

20

21  _____        April 6, 2022
        s/ Rene L. Twedt
    RENE L. TWEDT, CSR-2907, RDR, CRR, CRC    Date
22      Federal Official Court Reporter

23

24

25
```