**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

SHERRY GAINES, individually and
on behalf of others similarly situated,

*Plaintiff,*

v.

NATIONAL WILDLIFE
FEDERATION,

*Defendant.*

Case No. 4:22-cv-11173
Hon. F. Kay Behm

Magistrate Judge Curtis Ivy,
Jr.

**DEFENDANT NATIONAL WILDLIFE FEDERATION'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Defendant National Wildlife Federation ("NWF") respectfully moves the

Court for leave to file the recent decision in *Bozung v. Christianbook, LLC*, No. 1:22-

cv-304, slip op. (W.D. Mich. Mar. 7, 2023), ECF No. 51, as supplemental authority

in further support of NWF's Motion to Dismiss Plaintiff's First Amended

Complaint. (ECF No. 18.)

Pursuant to Local Rule 7.1(a), Defendant's counsel certifies that on March 21,

2023 they communicated with Plaintiff's counsel, explaining the nature of the relief

sought in this Motion and seeking concurrence in that relief. Plaintiff's counsel had

not stated their position as to the relief sought in this Motion at the time filing.

Date: March 21, 2023                          Respectfully submitted,

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez
Deborah H. Renner
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
kristen.rodriguez@dentons.com
deborah.renner@dentons.com

Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
CLARK HILL PLC
151 South Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant*
*National Wildlife Federation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SHERRY GAINES, individually and
on behalf of others similarly situated,

    *Plaintiff*,

 v.

NATIONAL WILDLIFE
FEDERATION,

    *Defendant*.

Case No. 4:22-cv-11173
Hon. F. Kay Behm

Magistrate Judge Curtis Ivy, Jr.

## BRIEF IN SUPPORT OF DEFENDANT
## NATIONAL WILDLIFE FEDERATION'S
## MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

**STATEMENT OF ISSUE PRESENTED**

1.   Whether this Court should grant leave to Defendant to submit supplemental authority in support of its Motion to Dismiss Plaintiff's First Amended Complaint when that authority is directly on point as to the legal issues raised in Defendant's Motion?

Defendant's Answer: YES.

**STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY**

The controlling authority for this Motion includes:

1.  *Bozung v. Christianbook, LLC*, No. 1:22-cv-304 (W.D. Mich. Mar. 7, 2023).

Defendant National Wildlife Federation ("NWF" or "Defendant") respectfully seeks leave to submit the recent decision in *Bozung v. Christianbook, LLC*, No. 1:22-cv-304, slip op. (W.D. Mich. Mar. 7, 2023), ECF No. 51 (attached hereto as Exhibit 1), as supplemental authority in support of NWF's Motion to Dismiss (ECF No. 18) to Plaintiff's First Amended Complaint (ECF No. 15, "FAC").

*Bozung* was issued by Judge Jarbou, the Chief Judge in the Western District of Michigan, and involved nearly identical allegations and claims under the pre-July 31, 2016 version of Michigan's Preservation of Personal Privacy Act, M.C.L. § 445.1711, *et seq*. (the "PPPA"). Judge Jarbou's decision is directly relevant to NWF's Motion to Dismiss Plaintiff's FAC. Specifically, Judge Jarbou dismissed the operative complaint in *Bozung* for some of the same reasons set forth in NWF's Motion to Dismiss. Judge Jarbou's opinion makes clear that Plaintiff's FAC cannot withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court should therefore grant this Motion for Leave to submit *Bozung* as supplemental authority in support of NWF's Motion to Dismiss Plaintiff's FAC.

## ARGUMENT

NWF's pending Motion to Dismiss argues Plaintiff's class action should be dismissed because Plaintiff has failed to state a claim, has failed to plead an

1

actionable disclosure in violation of the PPPA within any relevant time period, and that Plaintiff's claims are untimely in all events. (ECF No. 18, PageID.1203.)

As was true of the operative complaint in *Bozung*, Plaintiff's FAC sets forth allegations made on "information and belief" that NWF "rented, exchanged, and/or otherwise disclosed detailed information about Plaintiff's purchases of *Ranger Rick* magazine subscription to data aggregators, data appenders, data cooperatives, and list brokers, among others . . . during the relevant pre-July 31, 2016 time period." (*Compare* FAC, ECF No. 15, PageID.661 *with Bozung*, Am. Compl., ECF No. 11, PageID.582-83.) To support her claims, Plaintiff here relies solely on legal conclusions that NWF "systematically violat[ed] the PPPA" (FAC, ECF No. 15, PageID.670-71), as well as a purported "data card" published by a third-party broker, NextMark, which allegedly offers Plaintiff's PRI for sale. (*Id.*, PageID.662-63 and Ex. A.) That data card indicates that it is offering information allegedly related to subscriber counts "through 3/01/2022." (*Id.*) Nearly identical legal conclusions, as well as a similar NextMark data card, were relied upon by the plaintiff in *Bozung* to support his claims. (*See Bozung*, Am. Compl., ECF No. 11, PageID.584 and Ex. A, data card including subscriber counts "through 02/28/2022"; PageID.592.)

Relying on the recent decision in *Nashel v. The New York Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022), Judge Jarbou found that the operative complaint in *Bozung* did not sufficiently allege that the defendant

had disclosed the plaintiff's data in violation of the PPPA. She determined that the

plaintiff's allegations, pled "on information and belief," did not meet the pleading

standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007). (*See* Ex. 1, at 10) ("[A]llegations based solely

on belief 'are precisely the kinds of conclusory allegations that *Iqbal* and *Twombly*

condemned and thus told us to ignore when evaluating a complaint's sufficiency.'")

(quoting *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506

(6th Cir. 2013)). Moreover, Judge Jarbou determined that the 2022 data card did "not

suffice to create a plausible inference that [defendant] disclosed [plaintiff's]

information during the relevant time period" (Ex. 1, at 10), because the plaintiff's

"skeletal allegations do not permit a reasonable inference that a datacard like the one

available in 2022 was also available in 2016" and the plaintiff's allegations "amount

to 'naked assertion[s]' devoid of 'further factual enhancement' that do not suffice to

state a claim." *Id.* at 9 (quoting *Iqbal*, 556 U.S. at 678). The same is true here as to

Plaintiff's FAC. This Court should consider the decision in *Bozung* persuasive and

grant NWF's Motion to Dismiss.

   In finding that the plaintiff's allegations did not state a claim under the PPPA,

Judge Jarbou squarely rejected the reasoning in a recently issued Report and

Recommendation, which is also before this Court, regarding PPPA claims. In

*Briscoe v. NTVB Media Inc.*, No. 4:22-cv-10352 (E.D. Mich. Mar. 3, 2023), ECF

No. 41, Magistrate Judge Kimberly G. Altman recommended denying a publisher's motion to dismiss based on her rejection of the *Nashel* decision. Instead, Magistrate Judge Altman relied on a 2018 decision from the Western District of Michigan where the judge found the PPPA plaintiff's allegations sufficient to withstand a motion to dismiss. *See Briscoe*, ECF No. 41, PageID.2694-98 (relying on *Horton v. GameStop Corp.*, 380 F. Supp. 3d 679, 682 (W.D. Mich. 2018)). Magistrate Judge Altman made this determination despite the fact that the arguments before the *Horton* court differed from those made both before Judge Murphy in *Nashel* and before her. Magistrate Judge Altman ultimately determined, without reasoning, that *Horton* was "more persuasive" than *Nashel* and denied the motion to dismiss. *See Briscoe*, ECF No. 41, PageID.2697. In *Bozung,* however, Judge Jarbou made clear that she disagreed with Magistrate Judge Altman's rejection of *Nashel*.[1] (*See* Ex. 1, at 10) ("The Court disagrees with th[e] conclusion [in *Briscoe*]")).

Judge Jarbou addressed COVID tolling in *dicta* in *Bozung*, finding it could extend the limitations period for the named plaintiff. However, that issue is not before the Court here. In this case, Plaintiff wants to use COVID tolling to extend the class period, an issue upon which Judge Jarbou did not rule in *Bozung*. The Plaintiff here does not need COVID tolling for her claim under the six-year

---

[1] NWF is separately opposing Plaintiff's Motion for Leave to file the *Briscoe* Report and Recommendation because, among other reasons, this Court has not adopted that Report and Recommendation.

limitations period she argues applies here. Accordingly, Judge Jarbou's ruling on

COVID tolling is inapplicable in this case.[2]

## CONCLUSION

For the foregoing reasons, the Court should grant NWF's Motion for Leave

to File Supplemental Authority and should thereafter grant NWF's Motion to

Dismiss Plaintiff's First Amended Complaint.

Date: March 21, 2023                    Respectfully submitted,


                                        /s/ *Kristen C. Rodriguez*
                                         Kristen C. Rodriguez
                                         Deborah H. Renner
                                         DENTONS US LLP
                                         1221 Avenue of the Americas
                                         New York, New York 10020
                                         (212) 768-6700
                                         kristen.rodriguez@dentons.com
                                         deborah.renner@dentons.com

                                         Peter B. Kupelian (P31812)
                                         Carol G. Schley (P51301)
                                         CLARK HILL PLC
                                         151 South Old Woodward Ave., Suite 200
                                         Birmingham, MI 48009
                                         (248) 530-6336
                                         pkupelian@clarkhill.com
                                         cschley@clarkhill.com

                                         *Counsel for Defendant*
                                         *National Wildlife Federation*

---

[2] Because COVID tolling is not applicable to NWF's Motion to Dismiss, NWF opposed Plaintiff's Motion for Leave to file *Carter v. DTN Mgmt. Co.*, 2023 WL 439760 (Mich. Ct. App. Jan. 26, 2023) as supplemental authority. (ECF No. 26.)

## Certificate of Service

I hereby certify that on March 21, 2023, a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez