# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHERRY GAINES, individually and on behalf of others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> NATIONAL WILDLIFE FEDERATION, <br><br> *Defendant*. | Case No. 4:22-cv-11173-FKB-CI <br> Hon. F. Kay Behm <br> Magistrate Judge Curtis Ivy, Jr. |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY CONCERNING THE *BATTS* DECISION**

## STATEMENT OF ISSUES PRESENTED

1. Whether this Court should rely on the ruling in *Batts v. Gannett Co.*, No. 4:22-cv-10685, ECF No. 33 (E.D. Mich. Mar. 30, 2023), which Plaintiff seeks to submit to the Court, as persuasive authority relevant to the arguments presented in National Wildlife Federation's Motion to Dismiss (ECF No. 18)?

   Defendant's Answer: NO.

**STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY**

The controlling or most appropriate authority for this Motion includes:

1. *Batts v. Gannett Co.*, Case No. 4:22-cv-10685, ECF No. 28 (E.D. Mich. Mar. 30, 2023).

2. *Nashel v. The New York Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022).

3. *Bozung v. Christianbook, LLC*, No. 1:22-cv-00304, slip op. (W.D. Mich. Mar. 6, 2023).

NWF[1] submits this response in opposition to Plaintiff's Notice of Supplemental Authority, filed on March 31, 2023 (ECF No. 33) (the "Notice"), enclosing and making arguments on *Batts v. Gannett Co.*, Case No. 4:22-cv-10685, ECF No. 28 (E.D. Mich. Mar. 30, 2023) (Kumar, J.). The Notice mischaracterizes the holdings in *Batts* and ignores differences between the arguments there and in the instant action.

## ARGUMENT

### I. Fundamental Pleading Deficiencies Mandate Dismissal of the Complaint, Which the Court Did Not Address in *Batts*.

The *Batts* decision is not controlling on, let alone relevant to, NWF's argument that Plaintiff failed to adequately plead disclosure under Rule 12(b)(6). (ECF. No. 18, PageID.1209-17; ECF. No. 24, PageID.1295-1301.) Contrary to Plaintiff's implication, that issue was never before the court in the *Batts* action. Thus, the court could not have, as Plaintiff argues, "considered Defendant's arguments" regarding the import of *Nashel v. The New York Times Company*. (ECF No. 33, PageID.1478.) While the defendant, Gannett, did submit *Nashel* as supplemental authority in the *Batts* action, as the court noted in passing (*Batts*, slip op. at 2 n.2), there is no indication that it "rejected" the *Nashel* decision. With the benefit of full briefing by the parties here, this Court should undertake a rigorous

---

[1] Abbreviations herein have the same meanings ascribed to them in NWF's pending motion to dismiss the FAC. (ECF No. 18.)

analysis of the sufficiency of the pleading, particularly in light of the *Nashel* decision and *Bozung v. Christianbook, LLC*, No. 1:22-cv-00304, slip op. (W.D. Mich. Mar. 6, 2023) (Jarbou, J.)—both of which held that plaintiffs failed to adequately allege disclosure of their PRI in cases with substantially similar allegations as this one.

## II.  COVID-19 Tolling Is Not At Issue Here.

Plaintiff cites footnote 4 of the *Batts* decision for the proposition that COVID-19 tolling should apply here. (ECF No. 33, PageId.1478.) But COVID-19 tolling is irrelevant to NWF's motion to dismiss, because this action was filed prior to July 31, 2022, which is within the six-year limitations period Plaintiff contends pertains here. Nowhere has Plaintiff ever argued that she was relying on COVID-19 tolling to establish the timeliness of her own claims. Rather, Plaintiff attempted to use the concept of COVID-19 tolling in her opposition papers to contend that the class period should be expanded. (ECF No. 21, PageID.1267-1268.) ("Because Plaintiff's PPPA claim was tolled for 101 days from March 10, 2020 through June 20, 2020, the six-year limitation period governing Plaintiff's claim reaches back to February 20, 2016—not May 30, 2016 as incorrectly stated in the Motion.").[2] But the class period is not at issue at this juncture because, regardless of which class

---

[2] Plaintiff made the same argument when she submitted *Carter v. DTN Mgmt. Co.*, ---N.W.2d ---, 2023 WL 439760 (Mich. Ct. App. Jan. 26, 2023) as supplemental authority (ECF No. 25), which NWF opposed as irrelevant. (ECF No. 26.)

period applies, Plaintiff has not stated an actionable disclosure. As NWF argued: "Plaintiff contends that her claim is subject to Covid tolling. . . . That issue is not relevant to this motion because regardless of which pre-2016 period applies, if any, Plaintiff has not pled a disclosure in that period." (ECF No. 24, PageID.1296, n.2.)

Similarly, the applicability of COVID-19 tolling was not dispositive in *Batts* either. As a result, this issue, which was addressed only in passing in a footnote in *Batts*, was not fully briefed here or in *Batts.* Should the FAC not be dismissed, NWF respectfully requests that it be provided an opportunity to demonstrate why tolling should not apply to absent class members and why the class period should not be expanded.[3] In sum, to decide NWF's pending Motion, this Court need not decide whether COVID tolling applies here, nor the applicable class time period, and NWF respectfully submits that this Court should not decide either issue without the benefit of full briefing by the parties.

## CONCLUSION

NWF respectfully requests that the Court grant its motion to dismiss the FAC.

---

[3] Plaintiff's cookie-cutter Notice, filed in multiple other cases, also implies that standing is an issue in this case (ECF No. 33, PageID.1478), but NWF did not raise standing as a grounds for dismissing the FAC. (*See* ECF No. 18.)

Date: April 14, 2023							Respectfully submitted,

							/s/ *Kristen C. Rodriguez*
							Kristen C. Rodriguez
							Deborah H. Renner
							DENTONS US LLP
							1221 Avenue of the Americas
							New York, New York 10020
							(212) 768-6700
							kristen.rodriguez@dentons.com
							deborah.renner@dentons.com

							Peter B. Kupelian (P31812)
							Carol G. Schley (P51301)
							CLARK HILL PLC
							151 South Old Woodward Ave., Suite 200
							Birmingham, MI 48009
							(248) 530-6336
							pkupelian@clarkhill.com
							cschley@clarkhill.com

							*Counsel for Defendant*
							*National Wildlife Federation*